## WILLIAM ATKINSON *versus* ST. CROIX MANUFACTURING COMPANY.

The certificate of the person who takes a deposition, that "the witness was sworn according to law," is sufficient evidence that the oath was administered in the terms required by the statute, and in a mode which practice had sanctioned.

The certificate of the justice, that "the deponent was examined, and cautioned, and sworn agreeably to law to the deposition aforesaid by him subscribed," does not furnish evidence that the deponent was sworn before he commenced giving his deposition, as required by Rev. Stat. c. 133, § 15.

A statement at the commencement of the deposition, in the handwriting of the justice, that the deponent "being duly sworn," testified to certain facts therein set forth, does not cure the omission in the certificate.

Proof that a person was agent of an incorporated company, "and had charge of the business and property of said company" at a certain place, is not alone sufficient to show, that such person was authorized to draw a bill or note in behalf of the company.

The acceptance of a draft by the treasurer of an incorporated company, without evidence of any authority in him to perform such acts, does not thereby render the company liable thereon.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

After the plaintiff had read the draft declared on, and the depositions of Smith and Williams, objections having been seasonably made by the defendants to the reading of either, and the Court having permitted the reading to proceed, the counsel for the defendants, upon this evidence, requested the presiding Judge to instruct the jury, that no sufficient legal evidence had been offered to prove any authority on the part of the accepter to accept the same so as to bind the company; and that there was not sufficient legal evidence in the case to entitle the plaintiff to a verdict. These instructions were refused. The Judge instructed the jury, that if they believed the depositions, and that the draft mentioned in the deposition of Williams was the same draft annexed to the deposition of Smith, sufficient evidence had been presented by the plaintiff to obtain their verdict for the amount of the draft.

A verdict was returned for the plaintiff, and the defendants excepted.

The material facts are given in the opinion.

*J. S. Abbott*, for the defendants, contended that the deposition of Noah Smith, jr. was improperly admitted, because it did not appear that the deponent was sworn before he testified, as the statute requires. Rev. Stat. c. 133, § 15, 17. This should appear by the certificate. The statute requires that it should show, " that the deponent was sworn *according to law, and when.*" The word *when* refers, not to the day, but to the requirement of § 15, that the deponent shall be first sworn. In this case, the certificate not only is wanting in a material fact, but shows that he was sworn afterwards, only " to the deposition aforesaid by him subscribed." Having assumed to act as agent, he would be personally liable, if he was not; and would therefore be directly interested in the question, whether he was agent or not. He could not prove his own agency.

There was no evidence that Copeland was the treasurer of the company at the time, or even that he assumed to act as such in any other instance. And had there been evidence that he was treasurer, there is not the pretence of proof, that Greene had any authority to draw the draft for Smith.

*P. M. Foster*, for the plaintiff, contended that enough appeared to show, that the provisions of the statute had been complied with in taking the deposition of Smith.

The justice in the commencement of the deposition, states that the deponent was duly sworn. The certificate shows, that he " was examined and cautioned" on the day of the taking of the deposition, and " sworn agreeably to law to the deposition aforesaid." Now the justice certainly could not be supposed to have cautioned the deponent after the deposition was completed and signed. The fair construction appears to be this; that the deponent was cautioned and sworn before he commenced, and after he had finished, and signed his deposition, was again sworn.

An agent, or servant, may prove his authority to act for another, and of course that he acted within the power given him. Greenl. Ev. § 417, and cases there cited.

Atkinson *v.* St. Croix Manufacturing Company.

Smith was the general agent of the company, and had authority to accept bills as such. Williams, the deponent, called several times at the counting-room of the defendants, and there saw Smith acting as their agent. Smith saw the draft, with Copeland's acceptance, and promised to pay it. This is evidence to show the authority of Copeland, or a ratification of his act by Smith, the agent.

It is not necessary to prove the agency by records of the company. Greenl. Ev. § 113.

The opinion of the Court was prepared by

Tenney J. — This action, which is upon a draft, alleged to have been drawn by an agent of the company and accepted by their treasurer, and also for money had and received, was attempted to be supported by a draft purporting to be signed "Noah Smith, jr., agent of the St. Croix Manufacturing Company, by Sam'l H. Greene," and in other respects corresponding with the one described in the writ; and also by the depositions of Noah Smith, jr. and one Benjamin Williams. Said Smith testified as follows, viz.: — "In 1841, I was agent of the St. Croix Manufacturing Company, and have been so ever since said company was incorporated, and have had charge of the business and property of said company in the town of Calais, during the whole time. Benjamin F. Copeland, of Boston, acted as treasurer of said company. I am acquainted with the handwriting of said Benjamin F. Copeland; the acceptance of said draft is said Copeland's handwriting. I do not know William Atkinson. The company never had any account with him to my recollection." The justice, who took the deposition of Smith, certified among other things, that "on the 27th day of January, 1843, the aforesaid deponent was examined, and cautioned and sworn agreeably to law to the deposition aforesaid by him subscribed;" and there was nothing besides the above showing the time when the oath was administered to the deponent. The deposition of Williams relates wholly to the presentment of the draft described therein, to said Smith, and a demand of payment, and his neglect to pay the same. The

defendants objected to the deposition of Smith on the alleged grounds, " that it did not appear in the certificate of the magistrate, *when* the deponent was sworn, nor that he was sworn before giving the deposition, but that the certificate shows that the oath was administered afterwards; also because it is not competent for the plaintiff to prove Smith's agency by himself; and not competent to prove the other matters contained in said deposition in that mode." These objections were overruled. The counsel for the defendants requested the Judge to instruct the jury, that the evidence adduced by the plaintiff was insufficient to authorize a verdict in his favor; this he declined to do, but instructed them, that if they believed the testimony in the depositions, and the draft offered in proof was the one referred to by Williams in his deposition, the action could be maintained. Exceptions were taken to those rulings and instructions, and we think they must be sustained. The certificate of the magistrate who took the deposition of Noah Smith, jr. was materially defective; and the evidence in the case fails to show sufficient authority in Noah Smith, jr. to make the draft in question, so as to bind the defendants.

The statute requires, that the deponent should be sworn before he proceeds to give his testimony in the case; and it is contended by the defendants, that the proof of this must be in the magistrate's certificate. Whether it be so or not, must depend upon the construction to be put upon the language, " that the deponent was sworn according to law, and when." The statute has pointed out specifically what must take place before, and at the time of taking a deposition, in order that the facts stated therein may be legal proof; it is not left to be presumed that the magistrate, who may take it, conformed to the law, but he is to certify to the facts, attending the caption; by whom the deposition was written, &c. From analogy we might suppose, that it was equally important, that it should also appear in the certificate, whether the deponent was *first* sworn to testify the truth, the whole truth and nothing but the truth. It is undoubtedly necessary that the day, when the deposition was taken, should appear, that it might be known whether it was

legally taken in pursuance of the notice given. But we think this was not the only purpose which the legislature had in view, when they required, that the justice or notary should certify " that the deponent was sworn according to law, and when." We cannot doubt, that when the statute shows, that its authors were careful that the certificate should show particularly what was done, and how it was done, that the Court, before which the deposition should be offered, should know, whether the requirements of the law had been fulfilled, it is necessary also, that it should appear in the same manner, that the deponent was testifying under the sanction of an oath, such as is prescribed. A different construction would often leave it uncertain, whether depositions contained the whole knowledge of the witness on the subject concerning which he testified, and nothing more, or whether it was simply an affidavit of the truth of the facts stated, when other facts, which might be known to the witness would essentially control the effect of the statement made.

The certificate annexed to the deposition, which was admitted, shows that the witness was " sworn agreeably to law." This is sufficient evidence, that the oath was administered in the terms of the statute, and in a mode which practice had sanctioned. But it must also appear " when" this was done, and we cannot think, that the language used, implies that the oath was taken before the testimony was given. It is contended, that the terms used at the commencement of the deposition, " being duly sworn," written by the magistrate, supplies the defect in the certificate. This is no part of the certificate, which alone is made the proof of certain of the proceedings, and it is not a fact, which can be looked at any more than any other in the deposition, till it is shown, that it was legally taken.

2. If the deposition of Noah Smith, jr. was legally admissible, there is not evidence therein, that he was authorized to draw a negotiable paper in favor of one, who had no claim upon, or connexion with the defendants. The whole proof of his agency, and the extent thereof is found in his deposition and in the words following. "In 1841, I was agent of the

St. Croix Manufacturing Company, and have been so ever since said company was incorporated, and have had charge of the business and property of said company in the town of Calais, during the whole time." .

It is true, that an agent appointed for a certain purpose is clothed with the power to effect the object. " As if an agent is authorized to buy a cargo for his principal, if no. other means are provided, has an incidental authority to give notes or draw and negotiate bills on his principal for the amount." Story on Agency, 93. Such a power is implied from the object of the agency. " But an agency is never construed to extend beyond the obvious purposes, for which it was apparently created." *Ibid*, 93. " The principal is bound for the acts of the agent, done within the scope of his agency." *Ibid*, 219.

In the case before us there was no evidence showing the nature of the business of the defendants, whether it required funds for its accomplishment or not. Neither is there any thing from which we can infer the character of the duties contemplated to be performed by Noah Smith, jr. as their agent, or what he had ever done before the draft was drawn, in their behalf. Without proof of this, to some extent at least, we cannot believe, that he was vested with a power to give notes or draw bills in the name of the Company.

The acceptance of the draft by the treasurer of the company, without evidence of any authority in him to perform such acts, does not in any degree render the defendants liable. A treasurer of a corporation is only an agent for another purpose, and his acceptance can no more bind his principal, without authority to make it, than would the draft made by Smith.

Waiving any consideration of other objections urged in the argument, the exceptions are sustained.